U.S. BANKRUPTCY COURT
District of South Carolina

Case Number: 05-07387

ORDER DENYING STAY PENDING APPEAL

The relief set forth on the following pages, for a total of 6 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**01/22/2007**



US Bankruptcy Court Judge
District of South Carolina

Entered: 01/23/2007

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE:<br><br>Christopher Leroy Anderson and<br>Willow Reese Anderson,<br><br>Debtor(s). | C/A No. 05-07387-DD<br><br>Chapter 13<br><br>ORDER DENYING STAY<br>PENDING APPEAL |

THIS MATTER comes before the Court on Christopher Leroy Anderson and Willow Reese Anderson's ("Debtors") Motion To Stay Order Pending Appeal ("Motion"). The underlying order was issued in connection with a motion for relief from the automatic stay, which is a contested matter. Debtors seek a stay of the order of this Court entered September 15, 2006 granting in part and denying in part, the motion for relief from the automatic stay pending appeal, and alternatively seek approval of a supersedeas bond to stay the order.

There are three relevant bankruptcy rules governing stays on appeal. The first is Fed. R. Bankr. P. 4001(a) (3), which stays an order granting a motion for relief from the automatic stay for ten (10) days. In the present case the Court found that cause existed to lift the automatic stay, however, the Court did not lift the automatic stay, but continued the stay if the Debtors complied with certain conditions. Thus, since the automatic stay was not lifted, Fed. R. Bankr. P. 4001(a)(3) does not apply and the order was not stayed pursuant to that rule.

The second rule under which a party may request a stay pending appeal is Fed. R. Bankr. P. 7062, incorporating Fed. R. Civ. P. 62. One of the Andersons' requests is for approval of an amount for a supersedeas bond. The Court did tentatively set an amount at the hearing. Upon further review of the Bankruptcy Rules and case law on the issue, the Debtors are not entitled to a "matter of right" supersedeas bond under Fed. R. Civ. P. 62(d). A motion for relief from the automatic stay is a contested matter. Fed. R. Bankr. P. 9014 lists the Bankruptcy Rules that apply to contested matters. Fed. R. Bankr. P. 7062 is not listed.

Rule 62 stays conditioned on posting a supersedeas bond are applicable to money judgments, not orders continuing the automatic stay in a bankruptcy case.[1]

The final rule that allows for the stay of an order pending appeal is Fed. R. Bankr. P. 8005. Fed. R. Bankr. P. 8005 authorizes a discretionary stay of an order pending appeal, but does not confer upon the appellant the right to a stay upon the posting of a supersedeas bond. One Court, addressing this issue, states,

> It may be argued that the matter-of-right supersedeas stay is not available in appeals from money judgments in bankruptcy and that the granting of any type of stay pursuant to Fed. R. Bankr. P. 8005 is solely within the district court's discretion. This argument finds support in the Editor's Comment to Fed. R. Bankr. P. 8005 which states, "Although [a] *Rule 62(d)* stay, by its terms, is automatic upon the court's approval of the bond, the grant of stays of bankruptcy judgments and orders pursuant to Bankruptcy *Rule 8005* are in general discretionary with the court." Norton Bankruptcy Rules, 2004-2005, 2d Ed., 562. A New York bankruptcy court similarly found, "A stay under *Rule 8005* is discretionary; in contrast to *Rule 62(d) of the Federal Rules of Civil Procedure*, Bankruptcy *Rule 8005* does not accord the appellant a stay pending appeal as a matter of right upon the filing of a proper supersedeas bond." *In re Neisner Bothers, Inc., 10 B.R. 299 (S.D. N.Y. Bankr. 1981)*; *See also In re Rhoten, 31 B.R. 572, 577 (M.D. Tenn. 1983)*.

*Havens Steel Co. v. Commerce Bank, N.A. (In re Havens Steel Co.)*, 2005 WL 562733 P.7 (W.D.Mo. 2005).

The test applied by bankruptcy courts in the Fourth Circuit to analyze a motion for stay of an order pending appeal pursuant to Fed. R. Bankr. P. 8005 originates in the standard for preliminary injunctions developed by the Fourth Circuit in *Blackwelder Furniture Co. See Long v. Robinson*, 432 F.2d 977 (4th Cir. 1970). In *Blackwelder* the Fourth Circuit stated

---

[1] Rule 62 is further inapplicable because an order seeking to stay an order lifting the automatic stay is considered an order of injunctive relief. *See Havens Steel Co. v. Commerce Bank, n.a. (In re Havens Steel Co.)*, 2005 WL 562733 n.7 (W.D.Mo. 2005)("[Debtors are] not entitled to a supersedeas stay [when] the appellant [seeks] to stay an order lifting an automatic stay. [When] the appellant [seeks] to stay an order of injunctive relief, [he/she] is not entitled to the matter of right supersedeas stay…").

"Where an appellant seeks to stay an order of injunctive relief, the stay is considered discretionary. *Rule 62(a)*. The matter of right supersedeas stay is not available to an appellant seeking a discretionary stay. *Rule 62(d)*. Pursuant to *Rule 62(d)* an appellant may obtain a supersedeas stay subject to the exceptions of *Rule 62(a)*; one of these exceptions is orders for injunctive relief…. [T]he Court notes that pursuant to *Rule 62(c)*, a court may condition the grant of a discretionary stay on the posting of a bond, but the posting of such bond must not be confused with the matter of right supersedeas stay governed by *Rule 62(d)*." *Havens Steel Co. v. Commerce Bank, n.a. (In re Havens Steel Co.)*, 2005 WL 562733 n.7 (W.D.Mo. 2005).

"[the] fourfold equitable rule of thumb [asks]: (1) Has the petitioner made a strong showing that it is likely to prevail upon the merits? (2) Has the petitioner shown that without such relief it will suffer irreparable injury? (3) Would the issuance of the injunction substantially harm other interested parties? (4) Wherein lies the public interest?" *Blackwelder Furniture Co. v. Seilig Manufacturing Co., Inc.*, 550 F.2d 189, 193 (4th Cir. 1977).

The degree to which a movant must make a showing in regards to prong one is dependent upon the balancing of hardships test as described in *Blackwelder*.

> [T]he first step… is for the court to balance the "likelihood" of irreparable harm to the plaintiff against the "likelihood" of harm to the defendant; and if a decided imbalance of hardship should appear in plaintiff's favor, then the likelihood-of-success test is displaced by Judge Jerome Frank's famous formulation: "It will ordinarily be enough that the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation."

*Blackwelder*, 550 F.2d 189, 195 (4th Cir. 1977).

### *Balance of Hardship Analysis*

Debtors argue because Creditor is a "major national institutional lender" with income of over one billion dollars a year that it could not possibly be harmed to the extent that Debtors would be harmed. Debtors essentially argue that the balance of hardship or the balance of harm to each party should be determined based on which party can better afford the potential harm. That is not the test. The test looks first to the effect of the enforcement of the order on each party, then to whether the order harms one or both parties, and finally to whether the effect is irreparable to the party seeking the stay.

In the Debtors' confirmed chapter 13 plan, which is binding on the parties, Debtors agreed to cure the pre-petition arrearage in their mortgage payments and to continue making the regular monthly mortgage payments outside the plan in return for the continued possession of their real property. The order Debtors seek to stay pending the appeal allows

3

the Debtors a second chance to do the very same thing. The harm to the Debtors if the order is not stayed, is that they must now do what they promised in the confirmed plan and also catch up the payments they should have made outside the plan. Debtors must also pay GMAC Mortgage Corporation's ("GMAC") attorney's fees. Otherwise the Court will automatically grant GMAC *ex parte* relief from the automatic stay upon the filing of an affidavit of default or noncompliance. The Debtor testified that he *might* miss one of the payments required to cure the arrearage, perhaps as early as May 2007. The harm to GMAC if the order is stayed is that GMAC will not get the benefit of the revised bargain it is entitled to by virtue of the confirmed chapter 13 plan.

In balancing the harm to the Debtors and the Creditor the Court finds the harm to each comparable. "[I]f a decided imbalance of hardship should appear in plaintiff's favor, then the likelihood-of-success test is displaced by" the substantial question test. *Id. at* 195. Since, the balance of hardship test does not decidedly favor Debtors they must prove a likelihood of success in regards to prong one of the *Blackwelder* test.

Debtors argue only that the issues on appeal present "substantial" questions, which is the standard applicable when the balance of hardship test weighs "decidedly" in Debtor's favor. Debtors bear the burden to show that they are likely to succeed on the merits of the appeal. Debtors have failed to satisfy prong one of the *Blackwelder* test.

### *Public Policy*

Debtors argue that the public policy prong weighs in their favor because the general public doesn't care whether or not the order is stayed. While this may very well be true, the general public does not set public policy, Congress does. The public policy behind chapter 13 bankruptcies is that debtors are given a chance to reorganize their financial affairs and a chance for a fresh start, and in return the debtor must comply with the Bankruptcy Code, Rules, and with the terms of the confirmed plan. Since Debtors failed to comply with the

4

confirmed plan the interests of public policy lie in enforcement of the order sought to be stayed. This is especially the case because the Court did not grant relief from the stay to GMAC but gave Debtors another chance.

### *Conclusion*

Debtors have failed to prove a likelihood of success on the merits of the appeal. Therefore, Debtors Motion for a discretionary stay pursuant to Fed. R. Bankr. P. 8005 is DENIED. Furthermore, the Debtors are not entitled to a stay by the posting of a supersedeas bond, and the Debtors' request for the Court to approve an amount for a supersedeas bond is also DENIED.

**AND IT IS SO ORDERED.**
Columbia, SC
January 22, 2007